## WALTERS v. CHICAGO, B. & Q. R. CO.

### McCARL v. SAME.

(Circuit Court, D. Nebraska. October 3, 1900.)

### Nos. 8U, 9U.

REMOVAL OF CAUSES — CITIZENSHIP OF CORPORATION — INCORPORATION IN ANOTHER STATE.

A railroad corporation organized under the laws of another state, which subsequently also incorporates in Nebraska in compliance with the provisions of the constitution and statutes of that state, which require such incorporation to entitle a foreign railroad company to exercise the power of eminent domain or acquire real estate for right of way or other railroad purposes, by that act becomes a corporation of Nebraska so far as concerns its relations to the constitution and laws of that state, and subject to state regulation as a domestic corporation, as has been authoritatively determined by the supreme court of the state; but it does not thereby change its citizenship for the purposes of the jurisdiction of the federal courts, but remains for such purposes a citizen of the state in which it was originally incorporated, and is entitled to remove a suit commenced against it in a state court of Nebraska by a citizen of that state into the federal court on the ground of diversity of citizenship.

On Motions to Remand to State Court and Pleas to Jurisdiction.

Abbott, Selleck & Lane and Doyle & Stone, for plaintiff.
J. W. Deweese, F. E. Bishop, and J. R. Hanna, for defendant.

MUNGER, District Judge. In each of these cases motions to remand and pleas to the jurisdiction have been filed, and evidence in support thereof submitted to the court. From the record it appears that the defendant, the Chicago, Burlington & Quincy Railroad Company, was originally created and organized as a corporation under the laws of the state of Illinois. It subsequently consolidated with the Burlington & Missouri River Railroad Company, a corporation of Iowa. The manner of that consolidation does not appear. Whether by the creation of a new corporation out of the two, so that the new corporation was created by the laws of both states, is not shown, but for the purposes of this case that is immaterial. The Burlington & Missouri River Railroad Company in Nebraska was a corporation organized and created under and by virtue of the laws of the state of Nebraska, and as such became possessed of and operated a line of railroad in the state of Nebraska. In 1880 a consolidation of the Burlington & Missouri River Railroad Company in Nebraska with the defendant, the Chicago, Burlington & Quincy Railroad Company, was effected. The manner of consolidation was a sale of all of the property of the Nebraska corporation to the defendant company, and an issue of new stock of the defendant company to the

stockholders and owners of the Nebraska corporation. That a consolidation may be effected by a sale of the property and franchise of one corporation to another without the creation of a new corporation is well established by the authorities. The question involved in this case is the citizenship of the defendant corporation. Plaintiffs contend that it is a corporation of Nebraska, and, being such, it is, therefore, a citizen of Nebraska. Defendant contends that, while it is a corporation of Nebraska, its citizenship is that of Illinois. That plaintiff is a citizen of Nebraska is not controverted, and, if defendant is a citizen of Nebraska, then the case was not removable, and this court is without jurisdiction. The principles as announced in the cases of Railroad Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, and Louisville, N. A. & C. R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081, being the latest expressions of the supreme court, and subsequent to the cases of Fitzgerald v. Railway Co. (C. C.) 45 Fed. 814, and Railway Co. v. Meeh, 16 C. C. A. 510, 69 Fed. 753, 30 L. R. A. 250, must govern in the determination of these cases. The rule deducible from the decisions of the supreme court in the two cases referred to is that a corporation, as such, has no citizenship; that the citizenship of the incorporators determines the jurisdiction of the federal court; that the citizenship of the incorporators is conclusively presumed to be that of the state in which the corporation was first created; that while a corporation organized by the laws of one state may become a domestic corporation of another state, the laws of the two states permitting, yet the citizenship of the incorporators remains that of the state in which such corporation was first created. Where, however, a new corporation is created by the joint action or operations of the laws of two or more states, the citizenship of such corporation will be treated as that of each state. Section 8 of article 11 of the constitution of Nebraska provides that "no railroad organized under the laws of any other state or of the United States and doing business in this state, shall be entitled to exercise the right of eminent domain or have the power to acquire the right of way or real estate for depot or other purposes until it shall have become a body corporate pursuant to and in accordance with the laws of this state." This provision of the constitution is urged on the part of the plaintiffs as supporting the proposition that a foreign railroad corporation can have no existence in the state of Nebraska. It will be observed that this provision of the constitution deals solely with foreign railroad corporations. It does not absolutely prohibit such foreign railroad corporations from doing business, exercising the right of eminent domain, etc., within the state. Such prohibition is only imposed where such foreign railroad corporation does not comply with the laws of the state so as to become a domestic corporation. It clearly provides that a railroad corporation created and organized under the laws of another state may exercise all the powers of a railroad corporation organized under the laws of the state of Nebraska, whenever such foreign railroad corporation shall have become also a domestic corporation pursuant to the laws of Nebraska providing therefor. The statute of Nebraska provides the manner and method

by which a foreign railroad corporation may consolidate with one created and organized in this state, and provides, among other things, that upon the filing of the articles of incorporation and of consolidation such corporation shall become a corporation of this state, entitled to all the rights and privileges, and subject to all of the liabilities and restrictions imposed upon railroad companies originally organized under the laws of this state. The effect, then, of the proceedings of consolidation and of the filing of the articles of incorporation of the defendant company in the office of the secretary of state was to establish the status of the defendant company as a domestic corporation, or corporation under the laws of Nebraska, within the meaning of the constitutional provision referred to. Within the meaning of that provision, the defendant company is, in Nebraska, a domestic, as contradistinguished from a foreign, corporation; but that is not the question which this court has to determine on the pleas to the jurisdiction. It is the citizenship of the defendant that determines the jurisdiction of this court, and not the question as to whether it is a corporation of Nebraska.

The case of State v. Chicago, B. & Q. R. Co., 25 Neb. 156, 41 N. W. 125, 2 L. R. A. 564, construed the effect of the constitutional provision in question and the statutes of the state with reference to the consolidation of foreign and domestic railroad companies. That decision, so far as it is a construction of the constitution and statute of the state, is binding upon this court. The question involved in that case was whether or not the defendant company was a foreign corporation, within the meaning of the constitutional provision referred to. The question of the citizenship of the corporation was not involved, and was not passed upon. True it is in the opinion of the court it was said that it did not have "the peculiar privileges which are granted to foreign persons or corporations in the way of removal of its suits from the state to the federal courts." That question, however, was not involved in the case, and the question of the rights of removal is not one governed by the constitution or statutes of the state. The right of removal is to be determined by the laws of the United States, and the decisions of the state court in respect thereto are not binding upon the federal court. All that the state court could do was to determine the status of the defendant corporation in the state of Nebraska,—whether it was a domestic or foreign corporation within the meaning of the state constitution. That determination by the supreme court of the state is binding upon this court. It is then for this court to apply to such status the statutes of the United States relative to removal of causes, and say whether the case is removable. In the cases of Railroad Co. v. James and Louisville, N. A. & C. R. Co. v. Louisville Trust Co., before referred to, by the laws of Arkansas and of Kentucky, there considered, the defendant corporations became domestic corporations of the several states; yet it was expressly declared that a corporation organized in one state might become also a corporation of another state, the laws of such other state permitting. In other words, that one state might adopt or create as a corporation of that state a corporation of

another state, yet the citizenship of such corporation remained that of the state of its original creation.

In Louisville, N. A. & C. R. Co. v. Louisville Trust Co., it was said:

"It being clear that the plaintiff was first created a corporation of the state of Indiana, even if it was afterwards created a corporation of the state of Kentucky also, it was and remained, for the purposes of the jurisdiction of the courts of the United States, a citizen of Indiana, the state by which it was originally created."

As was said in Railroad Co. v. James:

"But, whatever may be the effect of such legislation in the way of subjecting foreign railroad companies to control and regulation by the local laws of Arkansas, we cannot concede that it availed to create an Arkansas corporation out of a foreign corporation in such a sense as to make it a citizen of Arkansas within the meaning of the federal constitution, so as to subject it as such to a suit by a citizen of the state of its origin. In order to bring such an artificial body as a corporation within the spirit and letter of that constitution as construed by the decisions of this court, it would be necessary to create it out of natural persons, whose citizenship of the state creating it could be imputed to the corporation itself."

So here the defendant, the Chicago, Burlington & Quincy Railroad Company, while created a corporation of Nebraska under and pursuant to the laws of Nebraska, was not created out of natural persons whose citizenship was that of the state of Nebraska, but was created out of an existing corporation whose citizenship was that of a foreign state. It follows from the foregoing that the motions to remand and pleas in abatement should be overruled. As the question, however, may be an important one to the parties, plaintiffs, if they desire, may elect and have judgment overruling the motion and plea in one case only, the motion and plea in the other case to remain undisposed of until this question in one case can be presented and disposed of in the proper appellate court.