WESTHEIDER v. WABASH R. CO. (two cases).

(Circuit Court, S. D. Illinois. May 17, 1902.)

FEDERAL COURTS—JURISDICTION—CITIZENSHIP OF CONSOLIDATED CORPORATION.

A corporation organized under the laws of a state for the purpose of taking over railroad property owned by a number of other corporations of different states, in accordance with an agreement between them for consolidation, under which they conveyed their properties to the new company, and then went out of existence, is a citizen of the state where it was created by individual corporators, for the purposes of the jurisdiction of a federal court.[1]

On Motions to Remand to State Court.

T. F. Drew and W. C. Johns, for plaintiffs.
Hugh Crea and C. N. Travous, for defendant.

HUMPHREY, District Judge. In 1887 the Wabash, St. Louis & Pacific Railroad, extending through or into states of Ohio, Michigan, Indiana, Illinois, and Missouri, was sold under foreclosure to a purchasing committee. This committee then conveyed to five separate corporations, organized one in each of said states, the property lying in the state in which such respective organization was made. The separate corporations so organized were: In Ohio, the Toledo Western Railroad Company; in Michigan, the Detroit & State Line Wabash Railroad Company; in Indiana, the Wabash Eastern Railway Company of Indiana; in Illinois, the Wabash Eastern Railway Company of Illinois; in Missouri, the Wabash Western Railway Company. In July, 1889, the above-named five corporations entered into an agreement for the consolidation of the five different properties by conveyance to a new company to be thereafter created. The agreement recites the method by which the property of each corporation shall be transferred to the new corporation in exchange for the securities of said new corporation by the consent of the directors and stockholders of each of said old corporations, and that thereafter "the five named corporations shall forever cease and determine." The agreement of consolidation was recorded in the office of the secretary of state of Illinois, and a certified copy thereof was recorded in the office of the county recorder in each county through which the Illinois line runs. On August 1, 1889, a new corporation was created under the laws of the state of Ohio, and under the name of the Wabash Railroad Company. In pursuance of the agreement of consolidation, all the property of the five railways was conveyed to, and became the property of, the Wabash Railroad Company, the defendant herein, and the five corporations above mentioned went out of existence.

Henry Westheider, Jr., by his next friend, and Henry Westheider, Sr., brought suits against the Wabash Railroad Company in the circuit court of Macon county, Ill. The defendant removed the cases to this court; the petition for removal averring that at the time of the commencement of said suits the defendant was, and still is, a corporation created and organized by and under the laws of the state of Ohio, and

[1] See Courts, vol. 13, Cent. Dig. § 860.

was at the commencement of said suits, and still is, a citizen of the state of Ohio. The plaintiffs entered their motions to remand, relying upon the contention that the defendant is a corporation formed by the consolidation of the said five railway companies, and that the filing of the articles of consolidation in the office of the secretary of state of Illinois made the defendant a citizen of Illinois for jurisdictional purposes, and that, as the plaintiffs are citizens of the state of Illinois, the federal court has no jurisdiction.

The issue thus clearly made depends upon the effect to be given to the railroad consolidation act of Illinois, under which the agreement in question was made. The law upon the subject of consolidations, and their effect upon the question of citizenship of corporations, did not precede, but has followed and endeavored to keep pace with, the varying methods of consolidation; hence some of the earlier decisions overlook distinguishing elements regarded by the later decisions as controlling. A corporation, as such, has no citizenship. It is only by imputing to the corporation the citizenship of its individual corporators that it is regarded as a citizen. It is equally well settled that one corporation cannot give citizenship to another, and therefore the citizenship of constituent companies cannot be looked to to determine the citizenship of a newly created company into which the properties of constituent companies have been merged. The courts have recognized at least three distinct forms of railroad consolidations: (1) An agreement of consolidation between two companies, and the continuance in existence of both corporations; (2) the merger of one corporation into another, and the continuance in existence of one of the two, and the extinction of the other; (3) the creation of the consolidated corporation as a new corporation, and the extinction at the same time of the constituent companies as separate entities. It is clear that the cases at bar belong to the third class, and in such case the citizenship of the new corporation must be determined solely from a consideration of the question, under the laws of what state was the new corporation first created from individual corporators? It may be given corporate existence in other states by a variety of ways for a variety of purposes, but its citizenship is given by the state creating it, and follows the citizenship of its original corporators. 1 Fost. Fed. Prac. (3d Ed.) p. 67; Louisville, N. A. & C. Ry. Co. v. Louisville Trust Co., 174 U. S. 563, 19 Sup. Ct. 817, 43 L. Ed. 1081, and cases there cited. I have examined a large number of other cases cited by counsel. They are cases falling under one of the first two forms of consolidation above described, and are not applicable here. The case of Walters v. Railroad Co. (C. C.) 104 Fed. 377, is entirely consistent with this view. It is not disputed that the defendant company was created out of natural persons under the laws of Ohio, and it is not contended that the defendant was ever created out of natural persons under the laws of Illinois. Citizenship in Illinois cannot be imputed to the defendant through individual corporators. Whatever existence it has in Illinois it gets solely by virtue of the agreement of consolidation above recited. That agreement was made under the Illinois act of 1883, which permits a corporation of Illinois to consolidate its property, franchises, and stock with those of other states upon such

terms as may be agreed upon between the directors and approved by the stockholders. There is no requirement that the consolidated cor- poration shall have citizenship in Illinois, and the agreement in question is made in compliance with the act.

The motions to remand are denied.