## CUMMINS v. CHICAGO, B. & Q. R. CO. et al.

(District Court, W. D. Missouri, St. Joseph Division. January 23, 1912.)

REMOVAL OF CAUSES (§ 27*)—GROUNDS—DIVERSITY OF CITIZENSHIP—PURCHASE OF DOMESTIC CORPORATION.

    Const. Mo. art. 12. § 18, provides that, if any railroad company organized under the laws of that state should consolidate by sale or otherwise with any railroad company organized under the laws of any other state or of the United States. the same should not thereby become a foreign corporation. but the Missouri courts should retain jurisdiction as if the consolidation had not taken place. *Held*, that where defendant, an Illinois railroad corporation, purchased the property and franchises of a Missouri railroad company, and, plaintiff's intestate having been killed on the line of the latter, an action was instituted in Missouri against the purchasing company for relief, such purchase did not change the defendant's citizenship so as to deprive it of the right to remove the cause to the federal courts for diversity of citizenship.

    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64–68; Dec. Dig. § 27.*

    Diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

At Law. Action by C. W. Cummins, as administrator, etc., against the Chicago, Burlington & Quincy Railroad Company and others. On motion to remand. Denied.

R. B. Bridgeman and Charles C. Crow, for plaintiff.
Culver, Phillip & Spencer, for defendants.

VAN VALKENBURGH, District Judge. The Chicago, Burlington & Quincy Railroad Company is a corporation incorporated under the laws of the state of Illinois. In 1901 it purchased the property and franchises of the Hannibal & St. Joseph Railroad Company, the St. Joseph & Des Moines Railroad Company, and the St. Joseph, Kansas City & Council Bluffs Railroad Company, each of which was a Missouri corporation, and since that date the Chicago, Burlington & Quincy Railroad Company has been operating the railroads formerly owned by said corporations. The plaintiff's intestate, it is alleged, was killed as an incident to the operation of the St. Joseph, Kansas City & Council Bluffs Railroad, as a result, so the petition alleges, of the negligence of the Chicago, Burlington & Quincy Rail-

---

road Company, against which last-named company this suit was brought.

The motion to remand is founded upon the claim that the defendant Chicago, Burlington & Quincy Railroad Company is, in fact, a citizen of the state of Missouri, and therefore that there is no actual diversity of citizenship. This claim is based upon the purchase of the property and franchises above referred to, and the provisions of section 18 of article 12 of the Missouri Constitution, which are as follows:

"If any railroad company, organized under the laws of this state, shall consolidate, by sale or otherwise, with any railroad company organized under the laws of any other state, or of the United States, the same shall not thereby become a foreign corporation; but the courts of this state shall retain jurisdiction in all matters which may arise as if said consolidation had not taken place."

It is argued that the purchase of the former Missouri corporation by the Burlington Company, whereby the former has been operated by the defendant company, converts the latter company, by operation of law, into a Missouri corporation, and that the courts of this state shall retain jurisdiction in all matters which may arise. In other words, that no suit may be removed to the national courts by reason of alleged diversity of citizenship. Because of the evident sincerity of counsel for plaintiff and the earnestness with which their views were advanced, coupled with the express desire that the matter should be taken under advisement, and decided only after mature deliberation, I have given careful consideration to the contention presented, although the situation conceded seemed to leave small room for discussion in the face of express adjudications of the federal courts of last resort.

To my mind, this question has been entirely foreclosed and settled by decisions of the Supreme Court of the United States founded upon facts identical, in all essential particulars, with those in the case at bar. In St. Louis & San Francisco Railway Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, it was held:

"There is an indisputable legal presumption that a state corporation, when sued or suing in a Circuit Court of the United States, is composed of citizens of the state which created it, and hence such a corporation is itself deemed to come within that provision of the Constitution of the United States which confers jurisdiction upon the federal courts in controversies between citizens of different states.

"The provision of the Arkansas statute of March 13, 1889, that a railroad corporation of another state which had leased or purchased a railroad in Arkansas and filed with the Secretary of State of that state, as provided by the act, a certified copy of its articles of incorporation, should become a corporation of Arkansas, does not avail to create an Arkansas corporation out of a foreign corporation complying with those provisions, in such a sense as to make it a citizen of Arkansas within the meaning of the federal Constitution, and subject it to a suit in the federal courts sitting in the state of Arkansas, brought by a citizen of the state of its origin."

This doctrine is expressly reaffirmed in Louisville, etc., Ry. Co. v. Louisville Trust Co., 174 U. S. 552–565, 19 Sup. Ct. 817, 43 L. Ed. 1081. And in Southern Ry. Co. v. Allison, 190 U. S. 326, 335, 23 Sup. Ct. 713, 717 (47 L. Ed. 1078), the same court said:

"The presumption that a corporation is composed of citizens of the state which created it accompanies such corporation when it does business in another state, and it may sue or be sued in the federal courts in such other state as a citizen of the state of its original creation.

"We are now asked to extend the doctrine of indisputable citizenship, so that if a corporation of one state, indisputably taken, for the purpose of federal jurisdiction, to be composed of citizens of such state, is authorized by the law of another state to do business therein, and to be endowed, for local purposes, with all the powers and privileges of a domestic corporation, such adopted corporation shall be deemed to be composed of citizens of the second state, in such a sense as to confer jurisdiction on the federal courts at the suit of a citizen of the state of its original creation.

"We are unwilling to sanction such an extension of a doctrine which, as heretofore established, went to the very verge of judicial power. That doctrine began, as we have seen, in the assumption that state corporations were composed of citizens of the state which created them; but such assumption was one of fact, and was the subject of allegation and traverse, and thus the jurisdiction of the federal courts might be defeated. Then, after a long contest in this court, it was settled that the presumption of citizenship is one of law, not to be defeated by allegation or evidence to the contrary. There we are content to leave it."

The case of Louisville, etc., Ry. Co. v. Louisville Trust Company and St. Louis & San Francisco Railway Co. v. James are then referred to with approval. The court continues:

"So it seems that a corporation may be made what is termed a 'domestic corporation,' or in form a domestic corporation, of a state in compliance with the legislation thereof, by filing a copy of its charter and by-laws with the Secretary of State, yet such fact does not affect the character of the original corporation. It does not thereby become a citizen of the state in which a copy of its charter is filed, so far as to affect the jurisdiction of the federal courts upon a question of diverse citizenship."

It should be remembered that this suit is filed against the Chicago, Burlington & Quincy Railroad Company, and not against the former Missouri corporation as such. It must be conceded that, under the rule thus laid down by the Supreme Court, the Chicago, Burlington & Quincy Railroad Company is a citizen of the state of Illinois, in so far as the jurisdiction of the federal courts founded upon diversity of citizenship is concerned, unless its citizenship has been changed by virtue of its acts in purchasing the property of the Missouri corporation as governed by the section of the Missouri Constitution above quoted. That section neither by terms nor implication assumes to convert the foreign corporation into a domestic corporation. Under the rule laid down in St. Louis & San Francisco Railway Company v. James, it could not have done so if such had been its express purpose. It provides merely that the Missouri corporation shall not itself become a foreign corporation through consolidation, by sale, or otherwise, with any railroad company organized under the laws of any other state.

In Walters v. Chicago, B. & Q. R. Co. (C. C.) 104 Fed. 377, a state of facts was presented identical with those before us in so far as this question is concerned. The court held that, whatever might be the status of the defendant company as a domestic corporation of the state of Nebraska, entitled to all the rights and privileges, and subject to all of the liabilities and restrictions imposed upon railroad

companies originally organized under the laws of that state, that this could not alter nor affect the citizenship of the defendant that determines the jurisdiction of the federal court; that the question of the right of removal is not one governed by the Constitution or statutes of a state, but by the Constitution and laws of the United States; that one state may adopt or create as a corporation of that state a corporation of another state—yet the citizenship of such corporation remained that of the state of its original creation. This case was taken upon this question to the Supreme Court of the United States, and in 186 U. S. at page 479, 22 Sup. Ct. 941, 46 L. Ed. 1266, under the heading "Decisions Announced without Opinions," the following appears:

"Per Curiam. Judgment affirmed, with costs, on the authority of St. Louis & San Francisco Railway Company v. James. 161 U. S. 545 [16 Sup. Ct. 621, 40 L. Ed. 802]; Louisville, etc., Railway Co. v. Louisville Banking Co., 174 U. S. 552 [19 Sup. Ct. 817, 43 L. Ed. 1081]."

It thus appears that the Supreme Court regarded the question as one no longer open to discussion, nor requiring further elaboration.

But counsel have referred the court to the case of Winn v. Wabash Railroad Co. (C. C.) 118 Fed. 55, in which Judges Thayer, Philips, and Adams sat at circuit. That was a case of complete reorganization in which four railroads, one of which existed, was incorporated in, and therefore a citizen of, one of the states of Ohio, Illinois, Indiana, and Missouri, were consolidated, and formed an entirely new and distinct corporation known as the Wabash Railroad Company, which partook, therefore, of the citizenship of each of the four states, and whose articles of incorporation as such were filed in each of the four states. In fact, under the laws of the state of Missouri, the consolidation could not thus have been effected otherwise than by retaining citizenship of the new corporation in the state of Missouri, where one of the constituent corporations had been organized and existed. Under such conditions, the court held that the new corporation, thus created, remained a Missouri corporation and citizen for purposes of jurisdiction. But the court in its opinion carefully preserved the distinction between that case and one such as is here presented. It said:

"It is not deemed pertinent to discuss the language employed by the courts in cases like Railway Company v. James, 161 U. S. 548, 16 Sup. Ct. 621, 40 L. Ed. 802, Louisville, N. A. & C. R. Co. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081, Louisville Trust Co. v. Louisville, N. A. & C. Ry. Co., 75 Fed. 433, 22 C. C. A. 378, 43 U. S. App. 550, and Taylor v. Railway Co. (C. C.) 89 Fed. 119, and like cases, for the reason that they were not instances of the consolidation of the original corporations, which were dissolved and went out of existence and a new corporation came into being under the act of consolidation. Where a corporation of one state acquires by purchase a railroad corporation in another state, and the right, under the law of the state which created the corporation so purchased, to operate the same subject to the domestic laws of that state, and even under conditions which require the purchasing company to become a domestic corporation of such state, the purchasing corporation is not dissolved or merged into a new corporate existence. It retains its original autonomy, and for jurisdictional purposes its citizenship adheres in the state which granted its original charter. Likewise may a corporation of one state consolidate with a corporation of another state under articles of agreement

193 F.—16

which do not work a dissolution of either corporation with a consequent loss of its citizenship in the state of its creation. Had the Ohio corporation acquired the Missouri corporation by purchase, and the like, it would have owned and controlled the road in Missouri, without affecting its citizenship for jurisdictional purposes. The case of Walters v. Railroad Co. (C. C.) 104 Fed. 377, invoked by defendant is an apt illustration of the distinction."

As has been said, the right of removal is to be determined by the laws of the United States. Jurisdiction thus conferred cannot be taken away by state Constitutions or laws. Whatever may be the effect of the latter in the way of subjecting foreign railroad companies to control and regulation by local laws, or in the way of retaining all the liabilities and restrictions imposed upon railroad companies originally organized under the laws of the state, it can have no bearing upon the jurisdiction conferred by the Constitution and laws of the United States. It is no denial of such powers of a state, to hold that a citizen may have his rights adjudicated in the forum guaranteed to him by the supreme law of the land.

It follows that the motion to remand must be overruled.